UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOE ELTON MOSLEY, LLC,<br><br>                       Plaintiff,<br><br>    v.<br><br>CITY OF RENO,<br><br>                       Defendant. | 3:20-cv-00349-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Joe Elton Mosley, LLC's ("Plaintiff"), application to proceed *in forma pauperis* (ECF No. 1), and *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Plaintiff's *in forma pauperis* application (ECF No. 1) be granted, and his complaint (ECF No. 1-1) be dismissed with prejudice.

**I.**     ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1. "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II. SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*

*Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues Defendant City of Reno for false arrest, kidnapping, and defamation, which occurred because of "racial discrimination."[2] (*See* ECF No. 1-1 at 5-6.) Plaintiff seeks $20,000,000 in damages. (*Id.* at 5.) This action suffers from several

---

[2] The court takes judicial notice of the following background facts: a criminal complaint was filed in the United States District Court for the District of Nevada against Joe Elton Mosley on January 30, 2020, for the charge of being a felon in possession of a firearm. The complaint alleges that Mosely was in a Walmart store in Sparks, Nevada, with a bandolier across his shoulders loaded with rounds of ammunition as well as firearms, while wearing a ballistic vest. Mosley was arrested. On February 6, 2020, he appeared before a magistrate judge for his initial appearance/arraignment and plea and pleaded not guilty to the charge and is awaiting trial. Case No. 3:20-cr-0004-LRH-CLB-1.

defects, which require dismissal.

First, the complaint is conclusory and does not provide sufficient factual allegations for the court to identify the factual or legal basis for the claims. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted).

Next, the only named defendant in the complaint is the City of Reno. (*See* ECF No. 1-1.) However, there are no allegations made against the City of Reno in the complaint.

Finally, it appears that Joe Elton Mosley is attempting to assert a claim on behalf of himself, as a limited liability company—Joe Elton Mosley, LLC. (*See* ECF No. 1-1 at 4.) However, a lawsuit must be brought by the real party in interest, meaning that the party brining the suit is legally entitled to seek the relief requested. Fed. R. Civ. P. 17(a)(1); *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986) ("[Rule 17] allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action."). The complaint states that Joe Elton Mosley, LLC is incorporated under the State of Nevada and State of California; however, a search of each Secretary of State's webpages reveals there is no Joe Elton Mosley, LLC registered. The court takes judicial notice of these facts. Therefore, Joe Elton Mosley, LLC does not have a legal right to sue. Further, a corporate defendant cannot proceed *pro se* in this court and must be represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *In re American Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam). Even if Joe Elton Mosley, LLC, were a proper party in this action, Joe Elton Mosley the individual would not be able to represent the LLC as the court takes judicial notice of the fact that he is not an attorney licensed to practice in the State.

For all of these reasons, the court recommends that this action be dismissed, with prejudice, as amendment would be futile. *See Cato*, 70 F.3d at 1106.

## IV. CONCLUSION

Consistent with the above, the court recommends that the complaint (ECF No. 1-1) be dismissed, with prejudice.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Plaintiff's complaint (ECF No. 1-1); and

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED, WITH PREJUDICE**.

**DATED:** June 30, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**